JAMES MALCOM, PERMANENT
TRUSTEE OF HENRY KEENE
vs.
WASHINGTON HALL, JR.
} DECEMBER TERM, 1847.

[DEED OF TRUST FOR BENEFIT OF CREDITORS—PREFERENCE—INSOLVENT SYSTEM.]

IT has been settled by the highest authority in this state, that a debtor in failing circumstances, may prefer one creditor to another, by a transfer of his property made in good faith ; and that, in similar circumstances, a transfer by a debtor of his whole estate to trustees, for the equal benefit of his creditors, is free from objection.

Yet, if such payment or transfer be made with a view, or under an expectation, of taking the benefit of the insolvent laws, and with an intent thereby to give an undue and improper preference to such creditor, then, such payment and transfer are void under the provisions of our insolvent system.

The distinctions recognised in England between voluntary and involuntary transfers, are applicable to our insolvent system, and to avoid such transfers, for fraud upon that system, they must be shown to be *voluntary*, as well as made with a view and under an expectation of taking the benefit of the insolvent laws.

The act of 1834, ch. 293, effected two alterations in the system, so far as the city and county of Baltimore are concerned. 1st, It invalidated the transfer, whether made upon request or not. 2d, No such transfer could be made in favor of one creditor to the prejudice of the rest, if the debtor making it shall have had no reasonable expectation of being exempted from liability or execution for, or on account of, his debts, without applying for the benefit of the insolvent laws.

Yet, under this act, there must be found, in the transfer or assignment, an intention to *prefer* one creditor over another ; or, notwithstanding, the party had no reasonable expectation of escaping a recourse to the insolvent laws for relief, the transfer or assignment will stand, and as the deed in this case made no such preference, it was held valid.

———

[This case was commenced on the equity side of Baltimore County Court, and removed to this court.

The bill stated, that on the 30th April, 1847, Henry Keene, of Baltimore city, being in insolvent circumstances, and in contemplation of applying for the benefit of the insolvent laws, assigned, by deed of that date, all his property, of every description, to the defendant, to be by him applied to the payment of the insolvent's debts ; first deducting therefrom a commission of eight per cent. for himself, and his expenses. That, on the 7th of May, following, Keene applied for, and obtained, the benefit of the insolvent laws, and the complainant was duly appointed his permanent trustee. And, that the defendant has refused to deliver said property to the complainant, though requested so to do. The bill prayed, that a decree might be passed, setting aside the deed of assignment, as fraudulent, and requiring the property to be delivered to the complainant. The answer of Hall, denied that the deed was made in contemplation of applying for the benefit of the insolvent laws, said application only having been made in consequence of a refusal

15*

of the complainant, as solicitor of one of his creditors, to dispense with special bail in an action against him.   The defendant also denied, that the assignment was fraudulent and void, within the meaning of the insolvent laws ; and stated, that immediately after the execution thereof, he had called upon the creditors of the insolvent to inform them of it, and that they had assented thereto, and directed him to proceed in the execution of the trust reposed in him by it.   A replication was put in to this answer, and certain papers and an agreement were filed to show the assignment to Hall, the application of Keene, for the benefit of the insolvent laws, and the appointment of the trustee.

The case was subsequently removed to this court, and argued before the Chancellor, who, at this term delivered the following opinion :]

THE CHANCELLOR:

It has been settled by the highest authority in this state, that a debtor in failing circumstances may prefer one creditor to another, by a transfer of his property, made in good faith ; and that in similar circumstances, a transfer by a debtor of his whole estate to trustees, for the equal benefit of his creditors, is free from objection.   *State of Maryland* vs. *Bank of Maryland,* 6 *G. & J.,* 205.

Although, however, a debtor may prefer one of his creditors, to the exclusion of the rest, either by payment, or a *bona fide* transfer of his property, according to the provisions of the common law, yet, in this state, if such payment or transfer, is made with a view, or under an expectation of being or becoming an insolvent debtor—which words are construed to mean, with a view or under an expectation of taking the benefit of the insolvent law—and with an intent thereby to give an undue and improper preference to such creditor, then such payment and transfer are obnoxious to the provisions of our insolvent system, and void, the acts of 1812, ch. 77, sec. 1, and 1816, ch. 221, sec. 6, (this latter act relating to the city and county of Baltimore,) declaring such to be the law of this state.   The

construction referred to, has been put upon those acts by the Court of Appeals, as appears by the case of *Hickley* vs. *Farmers and Merchants Bank*, 5 *G. & J.*, 377, and other cases.

It has been decided, that the distinctions, which have been recognised in England, between voluntary and involuntary transfers, are applicable to our insolvent system, and that, consequently, when a transfer by a debtor to his creditor is sought to be avoided as a fraud upon the system, it must be shown, not only that the transfer was made with a view, and under an expectation of taking the benefit of the insolvent law, but that it was likewise voluntary. And that a transfer could not be considered voluntary, which was made to a man demanding payment. *Crawfords and Sellman* vs. *Taylor*, 6 *G. & J.*, 323.

Such was the state of the law in Maryland, when the act of 1834, chap. 293, was passed, being a supplement to the insolvent laws, relating to the city and county of Baltimore, the first section of which provides, "that all conveyances, assignments, sales, deliveries, payments, conversions, or dispositions of property or estate, real, personal or mixed, debts, rights, or claims, or confessions of judgment, that shall be made, or caused, or allowed to be made, whether upon request or otherwise, by any applicant, to or in favor, or with a view to the advantage or security of, *and with intent to prefer any creditor or creditors*, security or securities of such applicant, when such applicant shall have had no reasonable expectation of being exempted from liability, or execution for, or on account of his debts, without applying for the benefit of the insolvent laws as aforesaid, shall be deemed within the meaning and effect of the sixth section of the act to which this is a supplement, to have been made with a view or under an expectation on the part of the applicant, of being or becoming an insolvent debtor, and with intent thereby to give an undue and improper preference.

This act of the legislature was passed shortly after the decision of the Court of Appeals, in the case of Crawfords and Sellman vs. Taylor, and it is by no means a violent supposition,

that one of the objects of it, was to bring involuntary transfers of property, by a debtor to his creditor, which the Court of Appeals had declared to be without, within the provisions of our insolvent system, as applicable to the city and county of Baltimore.

This law effected two alterations in the system, so far as the city and county of Baltimore are concerned. In the first place, it invalidated the transfer whether made upon request or not, and thus in future rendered the decision in the case of Crawfords and Sellman vs. Taylor ineffectual within the limits of the city and county of Baltimore. And in the next, no such transfer could be made in favor of one creditor to the prejudice of the rest, if the debtor making it shall have had no reasonable expectation of being exempted from liability or execution for or on account of his debts, without applying for the benefit of the insolvent laws. Thus dispensing with one of the prerequisites to the successful impeachment of such a preference—that it should have been made with a view, or under an expectation of taking the benefit of the insolvent laws. Substituting the reasonable expectation of such an alternative, for the direct purpose of taking the benefit of the insolvent laws.

But still, under the act of 1834, the transfer or assignment of the debtor cannot be successfully assailed, unless it appears that it was made "with a view to the advantage or security of, and with intent to prefer any creditor or creditors, security or securities."

There must, under this act, as it seems to me, be found in the transfer or assignment, an intention to *prefer* one creditor or security over another, or notwithstanding the party may have had no reasonable expectation of escaping a recourse to the insolvent laws for relief, the transfer or assignment will stand.

[The Chancellor then proceeded to state the facts of the case, and after alluding to the answer of the defendant, he continues :]

Now, although this answer, as it does not speak of matters within the personal knowledge of the respondent, is not entitled

to the full weight of an answer in chancery under other circumstnnces, it is, nevertheless, quite sufficient to put the complainant upon the proof of the allegations of his bill, and it is for him to show, that when the grantor executed this deed, he had no reasonable expectation of being exempted from liability, or execution for or on account of his debts, without applying for the benefit of the insolvent laws.

It is true, as was decided by the Court of Appeals in the case of *Dulany* vs. *Hoffman,* 7 *G. & J.,* 170, *the intent,* in cases of this description, may be established by facts and circumstances, as in other cases, and that proximity between the date of the assignment, and the application for the benefit. of the law, is a circumstance worthy of consideration in connection with the other facts and circumstances in the case. But the other facts and circumstances of this case are so essentially different from those which are found in the case referred to, that it is impossible to suppose the court would have come to the same conclusion in this, as in that. Here, the creditors are all put on a footing of entire equality; there, a preference was given, unsolicited, to a few favored creditors, at the expense of the rest, without any attempt whatever to conciliate or adjust their claims against them. It was with reference to one party thus voluntarily preferring one creditor to the other, that the Court of Appeals say, he could have had no reasonable expectation of being exempted from liability, on account of debts due the injured creditors, except by an application for the benefit of the insolvent laws.

If, therefore, the decision of this case depended upon the existence of such expectations—that is, if the existence of such an expectation on the part of the grantor in this deed would render it invalid, I would still be unwilling to set it aside; because, looking to the provisions of the deed, and seeing their justice, and the good reason which the grantor may reasonably have entertained, that his creditors would acquiesce in it, I should have been strongly inclined to think, that he did expect exemption from their claims against him, without having recourse to the insolvent laws for relief. But as I have already

stated, according to my construction of the act of 1834, even such an expectation on the part of the grantor, would not vitiate the deed, unless it likewise *preferred* one creditor to the others, and as this deed makes no such preference, I am of opinion, the complainant cannot have relief against it, and that his bill must be dismissed.

[No appeal was taken from this decree.]